LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LEIDY BUITRAGO,
*on behalf of herself,*
*FLSA Collective Plaintiffs and the Class,*   Case No.:

        Plaintiff,    **CLASS AND COLLECTIVE ACTION COMPLAINT**

    v.

       Jury Trial Demanded

RICO'S CHICKEN CORP.,
    d/b/a RICO'S CHICKEN,
RICO'S CHICKEN POLLOS A LA BRASA CORP.,
    d/b/a RICO'S CHICKEN,
and MILTON RICO,

        Defendants.

---

Plaintiff, LEIDY BUITRAGO (herein, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, RICO'S CHICKEN CORP. d/b/a RICO'S CHICKEN, and RICO'S CHICKEN POLLOS A LA BRASA CORP. d/b/a RICO'S CHICKEN (together the "Corporate Defendants"), MILTON RICO ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage due to invalid tip credit, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff LEIDY BUITRAGO, for all relevant time periods, was a resident of Queens County, New York.

6. Defendants operates two restaurants in Queens, NY with addresses as follows:
    a. RICO'S CHICKEN - 74-27 Metropolitan Avenue, Middle Village, NY 11379
    b. RICO'S CHICKEN - 146-04 45th Avenue, Flushing, NY 11355.

7. Corporate Defendants
    a. RICO'S CHICKEN CORP. d/b/a RICO'S CHICKEN is a domestic business corporation organized under the laws of the State of New York with an address

for service of process and principal place of business at 74-27 Metropolitan Avenue, Middle Village, NY 11379.

b. RICO'S CHICKEN POLLOS A LA BRASA CORP. d/b/a RICO'S CHICKEN is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business at 146-04 45th Avenue, Flushing, NY 11355.

8. Individual Defendant, MILTON RICO, is an owner and principal of each of the Corporate Defendants. Defendant MILTON RICO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant MILTON RICO directly regarding any of the terms of their employment, and Defendant MILTON RICO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant MILTON RICO ensured that employees worked effectively and that the business was operating efficiently and profitably. Defendant MILTON RICO exercised functional control over the business and financial operations of Corporate Defendants. Defendant MILTON RICO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

9. Individual Defendant operates the Corporate Defendants as a single integrated enterprise. They are engaged in related activities, share common ownership and have a common

business purpose. Specific facts supporting the assertion that Corporate Defendants operate as a single integrated enterprise include:

    a. Individual Defendant MILTON RICO is the owner and executive officer of the Corporate Defendants.

    b. Employees are interchangeable amongst the Corporate Defendants.

    c. Corporate Defendants use the same layout and website to jointly advertise Defendant's business http://ricoschicken.com/. See "**Exhibit A.**" See "**Exhibit B**."

    d. Corporate Defendants use the same Facebook page to list both business locations. See "**Exhibit C**."

    e. The Corporate Defendants use the same logo, similar font, and similar décor for their restaurants. See "**Exhibit D**."

    f. The Corporate Defendants both serve Colombian food and share a menu. See "**Exhibit E**." See "**Exhibit F**."

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, bussers, food runners, food preparers, dishwashers and cooks, among others) employed by Defendants on

or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules.

14. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay overtime compensation.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including servers, bussers, food runners, food preparers, dishwashers and cooks, among others) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff LEIDY BUITRAGO is a member of both the Class and the Tipped Subclass.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime, (ii) failing to pay spread of hours premium (iii) failing to provide Class members with proper wage statements, and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

21. With regard to Plaintiff LEIDY BUITRAGO, and the Tipped Subclass, Defendants failed to pay them the proper minimum wage and overtime because Defendants were not entitled

to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiffs and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

22.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e. Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

f. Whether Defendants properly provided notice to Plaintiff and the Tipped Subclass that Defendants were taking a tip credit;

g. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h. Whether Defendants caused the Plaintiff and the Tipped Subclass to engage in non-tipped duties exceeding 20% of each workweek;

i. Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

j. Whether Defendants provided proper wage statements informing (i) Plaintiff and the Tipped Subclass of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

k. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

l. Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

m. Whether Defendants properly compensated Plaintiff and Class members their proper overtime under state law; and

n. Whether Defendants paid Plaintiff and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

27. In or about August 2017, Plaintiff LEIDY BUITRAGO was hired by Defendants to work as a server at Defendants' RICO'S CHICKEN restaurant, located at 1167 Madison Avenue, New York, NY 10028 and at Defendants' RICO'S CHICKEN located at 74-27 Metropolitan Ave, Middle Village, NY 11379. Plaintiff LEIDY BUITRAGO worked for Defendant until on or about February 2019.

28. From the start of Plaintiff LEIDY BUITRAGO's employment with Defendants, Plaintiff LEIDY BUITRAGO was regularly scheduled to work forty-eight and a half (48.5) hours per week. Plaintiff LEIDY BUITRAGO worked at the RICO'S CHICKEN located at 1167 Madison Avenue, New York, NY 10028 from 11:00am to 9:00pm three days a week. Plaintiff LEIDY BUITRAGO then worked from the RICO'S CHICKEN located at 74-27 Metropolitan Ave, Middle Village, NY 11379 from 10:30am to 8:00pm once a week and from 12:00pm to 9:00 pm once a week.

29. Throughout Plaintiff LEIDY BUITRAGO's employment, Defendant paid Plaintiff below the New York State minimum wage. Specifically, from in or around August 2017 to January 2018, Plaintiff LEIDY BUITRAGO was paid a straight time hourly rate of seven dollars and fifty cents ($7.50) for all hours worked, including overtime. In or around January 2018, Plaintiff LEIDY BUITRAGO was paid a straight time hourly rate of nine dollars and fifty cents ($9.50) for all hours worked, including overtime. In or around January 2019, Plaintiff LEIDY BUITRAGO was paid a straight time hourly rate of ten dollars and thirty cents ($10.30) for all hours worked, including overtime.

30. Plaintiff LEIDY BUITRAGO was paid by personal check, with no paystubs, for work done on Mondays, Thursdays and Fridays. Plaintiff LEIDY BUITRAGO was paid in cash for work done on Tuesdays and Wednesdays.

31. Throughout Plaintiff LEIDY BUITRAGO's employment with Defendants, although she worked approximately forty eight and a half (48.5) hours a week, Defendants never compensated Plaintiff with the proper overtime rate for any hours worked in excess of forty (40) hours a week.

32. Plaintiff LEIDY BUITRAGO and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff LEIDY BUITRAGO, and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants (i) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the NYLL, (ii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (iii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and

the Tipped Subclass of the amount of tip credit deducted for each payment period, in violation of the NYLL.

33. Plaintiff LEIDY BUITRAGO and the Tipped Subclass were required to engage more than 20% of their working time in non-tipped related activities, including cleaning the restaurant, sweeping and mopping the restaurant, putting away chairs, and preparing coffee. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

34. Plaintiff and Class members regularly worked days that exceed ten hours in length, but Defendants unlawfully failed to pay Plaintiff and Class members the spread of hours premium for workdays that exceeded ten hours in length.

35. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff and Class members did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

36. Plaintiff and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiff and Class members also received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation, including tips illegally withheld from Plaintiff and Class members.

37. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under the NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this Class and Collective Action Complaint as fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half.

45. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages,, plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this Class and Collective Action Complaint as fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by the Defendants

within the meaning of the New York Labor Law, §§ 2 and 651.

52. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked because Defendants were not entitled to claim any tip credits.

53. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them proper overtime compensation in the lawful amount for hours worked.

54. Defendants willfully violated Plaintiff and Class members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

55. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also failed to provide wage statements that accurately reflect the number of hours worked and their proper compensation.

56. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

57. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the New York Labor Law due to an invalid tip credit;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendant's failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to the New York Labor Law;

    i.    An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    j.    Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

    k.    Designation of this action as a class action pursuant to F.R.C.P. 23;

    l.    Designation of Plaintiff as Representatives of the Class; and

    m.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 22, 2019

                              Respectfully submitted,

                      By:  */s/ C.K. Lee*
                              C.K. Lee, Esq.

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiff,*
                              *FLSA Collective Plaintiffs and the Class*